MGD

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Villa, | No.  CV 13-8123-PCT-DGC (MEA) |
| Petitioner, | |
| vs. | **ORDER** |
| United States of America, | |
| Respondent. | |

Petitioner Jorge Villa, who is confined in the Arizona State Prison-Kingman, Hualapai Unit, filed a Petition for Writ of Habeas Corpus Ad Prosequendum.  (Doc. 1.) The Court construes the Petition as one brought under 28 U.S.C. § 2241.  The Court will summarily deny the Petition and this action.

**I.    Background**

On January 28, 2005, Petitioner, in *United States v. Villa*, CR 04-02476-001-TUC-RCC (GEE) (D. Ariz. 2004), pled guilty to conspiracy to harbor and transport illegal aliens.  Petitioner was sentenced on April 20, 2005 to three years on probation.[1]  On March 5, 2008, Petitioner was convicted in Maricopa County Superior Court, case CR2007-14244, of kidnapping and aggravated assault.[2]  On May 6, 2008, he was

---

[1] See *United States v. Villa*, CR 04-02476-001-TUC-RCC (GEE) (D. Ariz. 2004), https://ecf.azd.circ9.dcn/doc1/025111277775 (Doc. 55) (last visited July 19, 2013).

[2] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/052008/m3175366.pdf (last visited July 18, 2013).

**JDDL**

sentenced to seven and nine years to be served concurrently.[3]  Petitioner is currently serving his sentence in the Arizona State Prison-Kingman.  Prior to Petitioner's conviction in the state criminal case, a petition to revoke probation in Petitioner's federal criminal case was filed on June 25, 2007 based on failures to comply with certain conditions of probation.[4]

According to Petitioner, the United States Marshal has placed a detainer on him pursuant to the arrest warrant issued by the District Court based on the petition to revoke probation in his federal criminal case.  Petitioner seeks "speedy disposition of this complaint, warrant and detainer pursuant to Federal Criminal Procedure and United States Code." (Doc. 1 at 2.)

**II.     Federal Habeas Relief Not Available**

Petitioner's petition must be dismissed as habeas relief is unavailable.  There is no constitutional right to disposition of probation violation charges prior to the expiration of a separate sentence.  *See Moody v. Daggett*, 429 U.S. 78, 89 (1976) (holding that parolee, imprisoned for a crime while on parole, was not entitled to an immediate parole revocation hearing on an unexecuted warrant for parole violations and detainer lodged with his present institution of confinement); *Gagnon v. Scarpelli*, 411 U.S. 778, 783 (1973) (finding that rights of probationers and parolees in revocation hearings are fundamentally identical).  It is only upon execution of a warrant and custody under that warrant that a petitioner's liberty interests are affected.  *Moody*, 429 U.S. at 87 ("loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant").  Petitioner here does not contend that the warrant issued has been executed or that he has been taken into custody pursuant to that warrant.  Thus, he has no right to disposition of the probation violation warrant prior to the expiration of his current

---

[3] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/052008/m3175366.pdf (last visited July 18, 2013).

[4] *United States v. Villa*, CR 04-02476-001-TUC-RCC (GEE) (D. Ariz. 2004) (Doc. 64).

1  sentence. *See id.* at 86-87; *see also United States v. Garrett*, 253 F.3d 443, 447-48 (9th
2  Cir. 2001) (government's postponement of plaintiff's revocation hearing until release
3  from state custody does not violate 18 U.S.C. § 3583(i)).  Accordingly, Petitioner's
4  Petition and this action will be summarily dismissed.

**IT IS ORDERED:**

(1)   The Petition (Doc. 1) and this action are **dismissed**.

(2)   The Clerk of Court must enter judgment accordingly and close this case.

(3)   Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 23rd day of July, 2013.

David G. Campbell
United States District Judge